HORTON, Judge.
Plaintiffs seek review of a final decree finding the equities in this cause to be with the defendant and decreeing that plaintiffs were not entitled to the relief requested. The suit sought a mandatory injunction directing removal from plaintiffs’ property of certain facilities placed thereon by defendant power company under the terms of a limited license given by the plaintiffs’ predecessor in title.
This case was tried on a stipulation of facts. In 1958, the defendant requested from plaintiffs’ predecessor in title a grant of easement to place two transmission line anchors upon the subject property. This request was denied but the following letter was received by the defendant:
“This will authorize you to install two (2) anchors on the subject property * * * provided that at our request you will at your own cost and expense move said installations, if in the future said anchors should interfere with building or other plans for the property.” [Emphasis supplied]
The plaintiffs became the owners of the property on June 29, 1959. In February, 1960, they brought this action. Attached to their complaint was a copy of a letter of revocation which they had sent to the defendant. This letter stated that the plaintiffs had “certain plans” for the property which made it imperative that the installations be moved but did not show the exact nature of the plans or the way in which the presence of defendant’s anchors would interfere with them; nor did plaintiffs attempt to make such a showing during the course of the action. It was stipulated by the parties that defendant had at no time had an easement or interest in the property other than a limited license granted it by the permissive letter. After hearing, the chancellor entered the decree appealed.
On appeal, the burden of the plaintiffs’ argument is that the limited license granted was revocable and had in fact been revoked by their letter.
The defendant contends that the license had become irrevocable upon sale of the property to plaintiffs who took as purchasers with notice. Or that, assuming arguen-do the license was revocable, it was only conditionally revocable and had not been effectively revoked by the plaintiffs since they had at no time attempted to make a showing that defendant’s installations were interfering with plans for the property. It should be noted that throughout these proceedings the defendant has expressed a willingness to move these installations upon such a showing by the plaintiffs.
While we cannot agree with the defendant’s argument that this license has become irrevocable, we are convinced that its contention that it is at least conditionally revocable has merit. The clear intent of the letter constituting the license was that defendant was granted the license on condition that if the grantors in the future intended to build on or otherwise develop the property, the defendant would move the anchors should they interfere with these plans. This the defendant has been, and is still, willing to do. It has never arbitrarily refused to move its anchors, but has simply asked to be informed of the plaintiffs’ building or development plans so it could intelligently relocate them. Since there has been no attempt by the plaintiffs to show that the condition for revocation has been met, we agree with the conclusion reached by the chancellor in his decree.
Accordingly, the decree appealed is affirmed, without prejudice to the plaintiffs to *836 assert their right to revocation upon a good faith showing that the defendant’s installations would interfere with building and development plans for the subject property.
Affirmed.